Houston **CARRUTHERS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 75–1776.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 6, 1975.

Decided Nov. 19, 1975.

844

Houston Carruthers, pro se.

Donald Stohr, U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, and BRIGHT and ROSS, Circuit Judges.

## ORDER

Houston Carruthers appeals from an order of the district court summarily denying his petition to credit time on parole to his federal prison sentence.

The provisions of 18 U.S.C. § 4205, as respects a parole violator, read as follows:

A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced.

Thus, it appears that under the statute, a federal prisoner cannot claim credit on his sentence for time served on ordinary parole. *Holtzinger v. Estelle,* 488 F.2d 517, 518 (5th Cir. 1974) (per curiam); *Noorlander v. United States Attorney General,* 465 F.2d 1106, 1108–09 (8th Cir. 1972), *cert. denied,* 410 U.S. 938, 93 S.Ct. 1398, 35 L.Ed.2d 603 (1973). *Cf. Howie v. Byrd,* 396 F.Supp. 117 (W.D.N.C.1975).

Petitioner does state that he had been released to a halfway house in St. Louis under conditions "more physically restraining than most types of parole." We cannot say, however, that such a sparse and conclusory statement alleges that his time spent at the halfway house, in effect, constituted custody or imprisonment and thereby raises the contention that such time spent should be credited on his sentence. *See Howie v. Byrd, supra; cf. Howard v. United States,* 274 F.2d 100, 103 (8th Cir.), *cert. denied,* 363 U.S. 832, 80 S.Ct. 1604, 4 L.Ed.2d 1525 (1960).

Accordingly, Carruthers' present petition was properly denied by the district court and the appeal therefrom is without merit and should be dismissed on the court's own motion under Rule 9(a), unless within 15 days the appellant shows cause to the contrary. This ruling is without prejudice to appellant's privilege to file a further petition seeking sentence reduction if he can show that his "parole" was, in effect, a form of custody or confinement.