**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charley Ray SMITH,**
**Defendant–Appellant.**

**No. 88–1486**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 10, 1989.

Charley Ray Smith, Fort Worth, Tex., pro se.

Roger L. McRoberts, Asst. U.S. Atty., Lubbock, Tex. and Marvin Collins, U.S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

### Facts

In 1985, Charley Ray Smith pleaded guilty to a charge of distribution of cocaine in violation of 21 U.S.C. § 841(a). The district court sentenced him to a four-year term of imprisonment, which was suspended, and a special parole term of three years. The court also ordered Smith to participate in a drug aftercare program and to give 100 hours to community service work.

After sentencing, Smith tested positive for amphetamines. He had previously tested positive for amphetamines while he was on pretrial release. On January 21, 1986, the district court amended its judgment and probation order to require Smith to spend six months in a Salvation Army halfway house. In violation of the halfway house order, Smith went to Alaska in April 1986. The court issued a warrant for Smith's arrest and he was arrested in Alaska. His probation was therefore revoked on July 18, 1986. Smith filed a motion to reduce his sentence, which the district court denied on April 24, 1987. Smith then filed this § 2255 motion, alleging that the special parole term of his sentence was illegal and that he had not been given proper credit for the time he was in federal custody. After ordering the government to respond, and considering its response, the district court denied the motion.

### Discussion

Smith asserts that the district court erred in failing to vacate his special parole term. Smith contends that a person sentenced for a violation of 21 U.S.C. § 841(a)(1) after the passage of the Comprehensive Crime Control Act of 1984 could not be sentenced to a special parole term because the Act deleted special parole from the penalty provisions of § 841.

We have held that the proper penalty statute is the one in effect when the

offense is committed. *United States v. Byrd*, 837 F.2d 179, 81 (5th Cir.1988). The Comprehensive Crime Control Act amendments to § 841 did not take effect until November 1, 1987. On September 29, 1984, the date of Smith's offense, the penalty provision, 21 U.S.C. § 841(b)(1)(A), mandated a special parole term of at least three years when the court imposed a sentence of imprisonment upon a defendant. *United States v. De Los Reyes*, 842 F.2d 755, 757 (5th Cir.1988). The district court committed no error. Smith also asserts that he is entitled to credit against his sentence for time in which the court imposed restrictions upon his liberty.[1] Specifically, he asserts that he should be credited for four periods of time: (1) the 152 days he was released on bond and required to undergo daily urine testing and remain in his residence between 7:30 p.m. and 6:00 a.m.; (2) the 74 days he was confined to a "medical care unit"; (3) the 76 days he was required to spend in Salvation Army halfway house; and (4) the 127 days he spent on probation conditioned upon twice weekly urine testing, alcohol and drug abuse meetings, and travel restrictions.

The district court found that these days were not days spent in custody in connection with the offense or acts for which the sentence was imposed. Title 18, section 3568 requires that a prisoner be given credit for time spent in custody "in connection with the offense or acts for which the sentence was imposed." "The 'custody' contemplated by § 3568 is that characterized by incarceration...." *Polakoff v. United States*, 489 F.2d 727, 730 (5th Cir. 1974).

■ We have rejected the argument that the time a prisoner spends released on restricted bond must be credited against his sentence. *Polakoff*, 489 F.2d at 730. The contention that time spent on probation must be credited has also been rejected. *United States v. Hawkins*, 492 F.2d 771, 772 (5th Cir.), *cert. denied*, 419 U.S. 1052,

95 S.Ct. 629, 42 L.Ed.2d 647 (1974). Thus, Smith is not entitled to credit for the 152 days he spent on restricted bond or the 127 days he spent on probation.

■ The time Smith spent in the "medical care unit" while on bond and probation presents a question which has not previously been addressed. It is not clear why Smith was in a medical unit. The district court did order Smith to participate in a drug aftercare program as a condition of probation and, apparently, of bond. The court did not order Smith to a particular program or even to one that required that he be restricted to the clinic premises. Smith states that he could leave the premises only to attend meetings of Alcoholics Anonymous and Narcotics Anonymous. Since participation in a medical unit was a condition of release and designed to benefit Smith, he is not entitled to credit for the time served.

■ Whether time spent in a halfway house should be credited against a prisoner's sentence has not been addressed by this Circuit. In *Carruthers v. United States*, 525 F.2d 843, 844 (8th Cir.1975), the Eighth Circuit held that a parolee released to a halfway house was not entitled to credit for the time spent at the halfway house. Carruthers had alleged that his parole conditions at the halfway house were "more physically restraining than most types of parole." *Id.* at 844. The court rejected the allegation as conclusory.

At the halfway house, Smith was required to undergo urinalysis twice a week, call his probation officer once a week, and remain in the Northern District of Texas. These conditions were no more stringent than those of his bond or probation. Applying the reasoning of *Polakoff* and *Carruthers*, we do not find Smith is entitled to credit for this time.

■ Finally, Smith contends that the court erred in denying relief without affording him an opportunity to respond to

---

**1.** Smith alleged that the Bureau of Prisons had denied his request that he be credited for the time in question. The government did not dispute this allegation. Thus, Smith met the juris-dictional prerequisite of administrative exhaustion. *United States v. Brown*, 753 F.2d 455, 456 (5th Cir.1985).

the government's answer. The rules under § 2255, however, do not permit traverse pleadings unless the government moves for dismissal under Rule 9. *See* Advisory Committee Notes to Rule 5 of Rules governing § 2255 cases. The district court did not err and the judgment is AFFIRMED.