**UNITED STATES of America**

v.

**Luis G. OSORIO.**

**No. Cr–87–147–01–G.**

United States District Court,
M.D. North Carolina,
Greensboro Division.

Feb. 15, 1990.

Luis G. Osorio, pro se.

**ORDER**

HIRAM H. WARD, Senior District Judge.

This matter is before the Court on defendant's pro se Motion to Credit Time in Custody, pursuant to 18 U.S.C. § 3568.[1] Finding that the controlling statute does not entitle defendant to a credit for time during which he was free on bond, the Court will deny defendant's motion.

The statute regarding credit for time in custody provides, in part, as follows:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in a court established by Act of Congress.

18 U.S.C. § 3568.

In his motion defendant requests that the Court treat the time during which he was free on bond as actual "in custody" time and credit that time toward his sentence. However, under 18 U.S.C. § 3568, "custody" refers to days actually spent in prison. *Chua Han Mow v. United States*, 619 F.Supp. 1332 (D.C.Cal.1985); *Polakoff v. United States*, 489 F.2d 727 (5th Cir. 1974). *See United States v. Robles*, 563 F.2d 1308, 1309 (9th Cir.1977), *cert. denied*, 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978) (restrictive bond not considered custody, though it limited travel, required defendant to obey all laws and court orders, and keep his attorney notified of his ad-

---

1. 18 U.S.C. § 3568 continues in effect for offenses committed prior to November 1, 1987. For offenses committed after that date, this section has been recodified as 18 U.S.C. § 3585.

dress). Accordingly, a federal prisoner is not entitled to a credit against his sentence for the time during which he was free on bond prior to beginning his active sentence pursuant to his conviction by a jury or on a plea of guilty.

Unfortunately, it appears that "lay counsel" within the federal prison system are creating the inaccurate expectation on the part of many convicted defendants that a credit for time on bond may be obtained under 18 U.S.C. § 3568. However, that is not the case. Further, the definition of "custody" for purposes of a *habeas* action is much broader than the definition of "custody" within the contemplation of 18 U.S.C. § 3568. Cases finding custody in the context of *habeas* actions where defendant is merely restrained in ways not shared by the public generally lend no support to defendant's motion under 18 U.S.C. § 3568. *See Cochran v. United States*, 489 F.2d 691 (5th Cir.1974); *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973).

IT IS, THEREFORE, ORDERED that defendant's motion under 18 U.S.C. § 3568 be, and the same hereby is, DENIED.