UNITED STATES of America

v.

**Frank Leroy ROUCO.**

**No. C–CR–86–101.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 4, 1990.

Max O. Cogburn, Asst. U.S. Atty., for U.S.

Frank Leroy Rouco, pro se.

### ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant's motion, filed May 10, 1990, to be granted credit for time served while on bond prior to trial.

The record in this case indicates Defendant was indicted on December 3, 1986 for his participation in a conspiracy to possess with intent to distribute in excess of two kilograms of cocaine in violation of 21 U.S.C. § 846. After being arrested, United States Magistrate Barbara H. DeLaney on December 19, 1986 entered a release order. Like all defendants who are afforded the opportunity to remain free on bond pending trial, the release order set forth certain release conditions including that the Defendant report to his Probation Officer when directed, the Defendant comply with a curfew, and the Defendant live with his parents.

On April 8, 1987, Defendant entered into a plea agreement whereby he agreed to enter a plea of guilty to the conspiracy count of the indictment. The Court accepted Defendant's plea on November 9, 1987 and imposed a sentence of 15 years imprisonment. The Court also sentenced Defendant pursuant to 18 U.S.C. § 4205(b)(2) which allows Defendant to be released on parole at such time the Parole Board deems appropriate. Defendant was allowed to report to the institution as designated by the United States Marshal Service. Defendant reported to Petersburg, F.C.I. on January 19, 1988.

On December 23, 1987, the Court granted Defendant's Rule 35 motion. Defendant's term of imprisonment was reduced to a period of 6 years with the § 4205(b)(2) provision remaining in place. Despite receiving a 9 year reduction of his sentence and being sentenced pursuant to § 4205(b)(2) which the Court rarely does, Defendant filed a motion on June 16, 1988 seeking a probationary sentence. The Court denied the motion on July 11, 1988.

On August 15, 1988, Defendant filed a motion to be granted credit for time served while on pretrial release. The Court denied the motion on August 19, 1988 because Defendant had failed to exhaust the administrative remedies available to him.

In his current motion, Defendant contends that he has now exhausted the administrative remedies available in the Bureau of Prisons. Defendant has attached to the motion a copy of a request for administrative remedy. In that document, the response from the Bureau of Prison official states, "[F]urther avenues of appeal regarding this issue are closed". Accordingly, the Court believes that Defendant has exhausted the administrative remedies available within the Bureau of Prisons.

Nonetheless, the Court does not believe that Defendant's motion is meritorious. Title 18, United States Code, Section 3568 (now repealed but in effect when Defendant committed his offense) provides in pertinent part:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed ...

The gist of Defendant's motion is that he is entitled to credit for the amount of time that he was released pending the trial of his case because the conditions of release were so restrictive that he was in custody for purposes of § 3568. To support that contention, Defendant has cited extensive case law standing for the proposition that a person can be placed in custody without being incarcerated when significant restraints are imposed on his liberty.

Although Defendant's motion is well researched for a pro se litigant, the motion does contain a fatal defect—that Defendant has failed to cite one case that directly holds that § 3568 requires credit be given towards a sentence when a defendant is free on bond while awaiting trial. Instead, Defendant relies on a hodge podge of cases such as habeas corpus situations that have held custody can result in situations where the person has not been incarcerated, but where his liberty interests have been otherwise seriously constrained. *See generally United States v. Osorio*, 729 F.Supp. 1528, 1529 (M.D.N.C.1990) (noting that jail house

lawyers are creating inaccurate expectation for inmates that credit for time on bond can be obtained under § 3568, and that definition of custody for purposes of habeas actions is inapplicable to § 3568 actions).

The Court believes that courts considering the issue whether § 3568 requires credit towards a sentence where a person is on pretrial release have found that the statute is inapplicable unless the person has been incarcerated in an "official detention facility". *See* 18 U.S.C. § 3585(a) (West 1990) (statute that replaced § 3568 provides sentence commences on date defendant is received in custody at the *official detention facility* at which the sentence is to be served). The Fifth Circuit has consistently held that for the purposes of § 3568, "custody" does not include conditions of pretrial release on bail or conditions of release on bail pending appeal. *See United States v. Mares*, 868 F.2d 151, 152 (5th Cir.1989). Even when the conditions of release are restrictive, credit for time served is not available pursuant to § 3568. *See United States v. Smith*, 869 F.2d 835, 837 (5th Cir.1989).

Although the Court is unaware of a case in which the Fourth Circuit has decided this issue, the Court in the Middle District of North Carolina has recently had the opportunity to consider whether a defendant is entitled to credit for time served while on pretrial release. *See United States v. Osorio*, 729 F.Supp. 1528, 1529 (M.D.N.C.1990). In that case, Senior District Judge Hiram H. Ward found that the word "custody" refers to days actually spent in prison. *Id.* That court went on to hold that "a federal prisoner is not entitled to a credit against his sentence for the time during which he was free on bond prior to beginning his active sentence". *Id.* at 1529.

In this case, the Court believes it is preposterous for Defendant to claim that the conditions of release are equivalent to being incarcerated. Defendant actively sought to be released on bond while he cooperated with the Government. While certain conditions were placed on him, the Court does not believe that those conditions amounted to custody for purposes of § 3568. Moreover, the Court would note that Defendant received a substantial reduction of his sentence for his cooperation with the Government that resulted while he was awaiting the disposition of this matter. Thus, the Court is somewhat amazed that Defendant is not satisfied with the relief already granted in this matter.

NOW, THEREFORE, IT IS ORDERED that Defendant's motion for credit for time served while on bond prior to trial be, and hereby is, DENIED.

The Clerk is directed to certify copies of this Order to Defendant and the United States Attorney.