**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jean Paul GABOR,**
**Defendant–Appellant.**

**No. 89–5642**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 5, 1990.

---

Jean Paul Gabor, Antonio, Tex., pro se.

LeRoy Morgan Jahn, Philip Police, Asst. U.S. Attys., San Antonio, Tex., Helen M.

Eversberg, U.S. Atty., for plaintiff-appellee.

Before GEE, DAVIS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appealing from the denial of a federal habeas corpus petition filed pursuant to 28 U.S.C. § 2255, Jean Gabor asserts that he was entitled to three years credit for time served on probation, including ten months at a half-way house, against the five-year sentence ultimately imposed for revocation of probation. We conclude that the district court lacked jurisdiction under § 2255, for this petition should have been filed, pursuant to 28 U.S.C. § 2241, in the federal district court in Wisconsin where Gabor is incarcerated.

The procedural history of this case is complex.

1. Although Jean Gabor is incarcerated in Oxford, Wisconsin, he was convicted in the Western District of Texas of two counts of assault on a federal officer. 18 U.S.C. § 1111. For this, he was initially sentenced to two five-year prison terms, which were suspended by the court in favor of five years' probation. Gabor did not appeal the conviction or the sentence.

2. In February 1987, the district court revoked Gabor's probation and then imposed a five-year sentence on one count and a two-year term on the second count, in order to credit Gabor for time served on probation. The sentences were to be served consecutively. The court later denied Gabor's Fed.R.Crim.P. 35 motion seeking a reduction of sentence and transfer to another federal facility.

3. Gabor then moved for an order directing that his sentences be served concurrently rather than consecutively, asserting that both assault convictions arose out of a single incident. The court agreed and ordered that Gabor be sentenced to five years' imprisonment, and he amended the

probation revocation order to provide for a single five-year sentence.

4. Gabor again filed a motion to correct illegal sentence, contending this time that, because the sentence on the second assault count had been vacated, the three years that had been previously credited against the vacated count should be applied to the first assault count on which he was now serving the sentence. The court denied relief, concluding that his motion was in essence an untimely Rule 35(b) request for reduction in sentence. The court also held that credit for time served on probation is discretionary, and that Gabor should not be given the credit on the remaining count. Gabor did not appeal.

5. Gabor next filed the motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 in the Western District of Texas, which is the subject of this appeal. He asserted that he was entitled to three years' credit against his five-year sentence; he also asserted that he is entitled to credit for his ten months of "prior custody" at a half-way house. The district court adopted the magistrate's findings and denied the motion.

In challenging the district court's ruling, Gabor mistakenly asserts that because Judge Sessions once credited him with three years reduction on his original sentence,[1] a reduction that former 18 U.S.C. §§ 3653 and 3568 did not require Sessions to grant, Gabor is somehow forever entitled to that reduction. Irrespective of the merits of this contention, however, Gabor is not entitled to relief under § 2255. *United States v. Smith,* 869 F.2d 835, 837 (5th Cir.1989); *United States v. Briones–Garza,* 680 F.2d 417, 423 (5th Cir.), *cert. denied,* 459 U.S. 916, 103 S.Ct. 229, 74 L.Ed.2d 181 (1982). Gabor "does not question the legality of his conviction or the validity of the five-year federal prison term imposed by the sentencing court. His attack instead focuses on the extent to which his sentence has been executed ..." *United States v. Brown,* 753 F.2d 455, 456 (5th Cir.1985). Such claims are not cognizable

1. See paragraph 2 above.

in § 2255 proceedings but rather must be addressed as habeas corpus petitions under 28 U.S.C. § 2241.

As the Third Circuit explained the distinction, "if [the prisoner] were to prevail on the merits, the credits would apply against the sentence *as imposed*—they cannot be implemented by tampering with or correcting the sentence itself." *Soyka v. Alldredge*, 481 F.2d 303, 304 (3d Cir. 1973). Thus, "a motion for credit of time calls for the computation of the service of a legally rendered sentence and is not directed toward the sentence itself so as to be cognizable only under 28 U.S.C. § 2255." *Soyka*, 481 F.2d at 305.

To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian. *Blau v. United States*, 566 F.2d 526, 527 (5th Cir.1978); *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir.1978), *cert. denied*, 439 U.S. 1077, 99 S.Ct. 854, 59 L.Ed.2d 45 (1979). Gabor filed the § 2255 petition that he now appeals while incarcerated in a Wisconsin federal penitentiary. Therefore, the Western District of Texas lacked jurisdiction to afford Gabor the relief he requests.[2]

It is true that in *United States v. Smith*, 869 F.2d 835 (5th Cir.1989), we decided on the merits whether a § 2255 petitioner was entitled to credit on his sentence, imposed after revocation of probation, for time served on probation and in a half-way house. The district court's jurisdiction was not placed in issue in that case, however, and nothing in the record suggests that Smith was not incarcerated in the district in which he was convicted. Hence, whether he had filed for relief under § 2255 or § 2241 made no practical difference. Moreover, Smith had exhausted his administrative remedy through the Bureau of Prisons before filing his habeas petition. *Smith* does not conflict with this or our earlier decisions holding that a § 2241 petition, filed in the district where Gabor is

incarcerated, affords his only avenue to obtain credit on his sentence.

For these reasons, the judgment of the district court is VACATED, and the case is REMANDED with *instructions to* DISMISS for lack of jurisdiction.

---

2. Not only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons. *See United States v. Smith*, 869 F.2d at 837 n. 1; *Soyka*, 481 F.2d at 305.