IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30865
Summary Calendar
_____


CLARENCE STEWART, JR.,

                                        Petitioner-Appellant,

versus

BURL CAIN, Acting Warden,
Louisiana State Penitentiary,

                                        Respondent-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 95-CV-706
- - - - - - - - - -
November 21, 1995
Before KING, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:*

     Clarence Stewart, Jr., appeals the district court's denial
of his habeas petition for failure to exhaust state remedies.
Stewart filed his petition for writ of habeas corpus pursuant to
28 U.S.C. § 2254.  Because Stewart is not challenging the
legality of his conviction or the validity of his initial
sentence, however, he is not entitled to relief under § 2254.
See United States v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990);

     *     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991). Stewart is attacking the manner in which his sentence is being executed; thus, his petition for writ of habeas corpus is more properly construed as seeking relief pursuant to § 2241. See Gabor, 905 F.2d at 78.

The district court determined that Stewart had not exhausted his state court remedies. Although § 2241 contains no explicit exhaustion requirement, this court has required a petitioner seeking relief under § 2241 first to exhaust his state remedies. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956 (1987). Stewart does not challenge the district court's denial of his habeas petition for failure to exhaust state remedies in his appellate brief. As the record does not show that Stewart has exhausted his state remedies, the district court's dismissal of his habeas petition for failure to exhaust is AFFIRMED.