**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-20464

(Summary Calendar)
_____

DANIEL R. BRUCE,
also known as EVAN A HOOK,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
(H-94-CV-1361)
_____

December 13, 1995

Before HIGGINBOTHAM, DUHÉ and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Daniel R. Bruce appeals the district court's order dismissing his 28 U.S.C. § 2241 *pro se* petition for habeas corpus for failure to exhaust administrative remedies. We vacate and remand.

In his habeas petition, Bruce challenged the legality of actions taken by the United States Parole Commission in revoking

---

[*]      Local Rule 47.5.1 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

his parole and calculating his remaining sentence. Bruce also alleged that he failed to receive credit for time served. To entertain a § 2241 habeas petition, the district court must have jurisdiction over the prisoner. *U.S. v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978). A prisoner is required to file his § 2241 petition in the jurisdiction in which he is incarcerated. *Gabor*, 905 F.2d at 78. At the time of his petition, Bruce was incarcerated in a federal penitentiary in Littleton, Colorado.[1] Therefore, the Southern District of Texas lacked jurisdiction to hear Bruce's § 2241 habeas petition. *Id.*

For the forgoing reason, we VACATE the district court's decision and REMAND the habeas petition with instructions to DISMISS for lack of jurisdiction.

---

[1] Bruce was subsequently moved to Collier County Jail in Naples, Florida.