UNITED STATES of America,

v.

**Bernard KING, Petitioner/Defendant.**

**Nos. Civ. 2:98CV792, CR. 2:94CR163–14.**

United States District Court,
E.D. Virginia,
Norfolk Division.

March 31, 1999.

Arenda L. Wright Allen, Assistant United States Attorney, U.S. Attorney's Office, Norfolk, VA, for USA.

Thomas E. Dempsey, Vergara & Associates, Hopewell, VA, for defendant.

## ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on defendant Bernard King's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. King seeks relief from an order of this court filed on February 17, 1999, denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. King claims that the order should be vacated because neither King nor his attorneys were ever served with the government's response, filed with the court on November 9, 1998.[1] King claims that the failure to receive the response denied him an opportunity to reply to the government's response and therefore constitutes "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.Proc. 60(b)(1). Both parties agree that Rule 60(b) may be used in a § 2255 proceeding. See United States v. Clark, 984 F.2d 31, 32, n. 2 (2d Cir.1993).

Under the rules governing § 2255 cases, the government is only required to file a response to the § 2255 motion when directed by the court. See Rules 4 & 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). Although the rules specifically delineate the contents of the government's answer, see § 2255 Rule 5, and provide a means for expanding the record in front of the court, see § 2255 Rule 7, the rules nowhere provide an opportunity for a reply to the response, absent the special circumstance of the government moving to dismiss because of prejudice due to delay. See Advisory Committee Note to § 2255 Rule 5; § 2255 Rule 9(a). In fact, the Advisory Committee Notes specifically state that "[t]here is nothing in § 2255 which corresponds to the § 2248 requirement of a traverse to the answer .... there is no intention here that such a traverse be required." Advisory Committee Note to § 2255 Rule 5. Based on the Advisory Committee Notes, courts have rejected the precise argument advanced in this case by King. See Barrett v. United States, 965 F.2d 1184, 1187 n. 3 (1st Cir.1992); United States v. Smith, 869 F.2d 835, 837–38 (5th Cir.1989); United States v. Moses, Civ. No. 95–6581, Crim. No. 93–243–01, 1996 WL 363921, at *2 (E.D.Pa. Jul. 1, 1996).

Because a § 2255 petitioner has no right to file a reply to the government's response, no mistake or excusable neglect occurred in this case, and King's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is **DENIED**.[2] If the government has not already done so, the Assistant United States Attorney is **ORDERED** to again serve its response to King's § 2255 motion on King's counsel.

King is advised that he may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within sixty (60) days from the date of this Opinion and Final Order. For the reasons above stated, the court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

---

1. The government filed its response pursuant to an order of this court.

2. The court notes that it had the full record of King's case and all material necessary to decide his § 2255 motion.

The Clerk is **DIRECTED** to send a copy of this Order to King, his counsel, and the Assistant United States Attorney.

It is so **ORDERED.**