IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31361
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNSON ADETOPE OLAREMI,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-623 (96-CR-113-ALL)
--------------------

July 23, 1999

Before JONES, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Johnson Adetope Olaremi, federal prisoner # 02583-95, filed what he styled as a 28 U.S.C. § 2255 motion seeking credit toward his federal sentence for time served in state custody on his state probation violation. He also alleged that his counsel was ineffective for failing to challenge the lack of credit for time incarcerated prior to sentencing. The district court denied Olaremi's § 2255 motion. Olaremi seeks a certificate of appealability (COA) and permission to proceed in forma pauperis (IFP) on appeal from the denial of his § 2255 motion.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although the Government did not raise it, this court has a continuing duty to inquire into the basis of the jurisdiction of the district court to satisfy itself that the district court had jurisdiction to entertain this action. See Solsona v. Warden, F.C.I., 821 F.2d 1129, 1132 n.2 (5th Cir. 1987).

28 U.S.C. § 2241 is the proper procedural vehicle for seeking to obtain credit for prior custody under 18 U.S.C. § 3585(b). United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985). Although Olaremi filed this proceeding nominally under § 2255, the relief he seeks falls within the ambit of § 2241. Olaremi was incarcerated in the Eden Detention Center in Eden, Texas, at the time he filed this § 2241 petition. Eden is located in Concho County, which is in the Northern District of Texas. See 28 U.S.C. § 124(a)(4). Olaremi filed this § 2241 petition in the Middle District of Louisiana. To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian. United States v. Gabor, 905 F.2d 76, 78 (5th Cir. 1990). Olaremi's § 2241 petition should have been filed in the Northern District of Texas. The district court in the Middle District of Louisiana did not have jurisdiction to entertain Olaremi's petition seeking sentencing credit.

28 U.S.C. § 2253 as amended by the AEDPA does not require a federal prisoner to obtain a COA to appeal in § 2241 proceedings. Ojo v. INS, 106 F.3d 680, 681 (5th Cir. 1997). However, the district court denied Olaremi's motion to proceed IFP on appeal, and so Olaremi needs this court's permission to proceed IFP on

appeal.  The PLRA does not apply to § 2241 proceedings.  <u>Davis v. Fechtel</u>, 150 F.3d 486, 490 (5th Cir. 1998).  However, a litigant seeking to proceed IFP on appeal must nevertheless have permission to do so per Fed. R. App. P. 24(a).

Because the district court lacked jurisdiction to entertain Olaremi's § 2241 petition, the appeal presents no nonfrivolous issues.  Olaremi's motions to proceed IFP on appeal are DENIED, and the appeal is DISMISSED AS FRIVOLOUS.  5th Cir. R. 42.2 ; <u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983).