IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60709
Conference Calendar

_____

TOMMY HILL JONES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:98-CV-135-BrS
- - - - - - - - - -

August 26, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Tommy Hill Jones, federal prisoner # 41337-019, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction.  Jones was convicted and sentenced in the district court for the Northern District of Georgia.  He currently is serving his sentence at FCI Yazoo City, Mississippi.

Jones argues that he is entitled to relief first, because appellate counsel was ineffective for failing to contest sufficiency of the evidence; second, trial counsel was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ineffective for failing to present any defense on behalf of Jones; third, due to intervening changes in the law, Jones should be resentenced according to the penalties for cocaine rather than cocaine base; and fourth, appellate counsel was ineffective for failing to allege that the Government violated 18 U.S.C. § 201(c)(2) when it promised something of value in exchange for testimony.

The district court properly construed Jones' petition as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. *See Ojo v. Immigration and Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997); *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990). It then correctly determined that it lacked jurisdiction to rule on Jones' § 2255 motion. *See Solsona v. Warden, FCI*, 821 F.2d 1129, 1131 (5th Cir. 1987)(section 2255 motions must be filed with the sentencing court). As a § 2241 petition, Jones' complaint is thoroughly frivolous. *See Ojo*, 106 F.3d at 683. Accordingly, the district court's dismissal is AFFIRMED.