IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10395
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARIO HERNANDEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(97-CV-955-R)
(92-CR-381-3-R)
--------------------
September 29, 1999

Before POLITZ, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant federal prisoner Mario Hernandez was granted a certificate of appealability (COA) solely with respect to his claim that the delay in the execution of his sentence violated his due process rights.  Because the challenge to the execution of Hernandez's sentence — the delay/due process issue — is not cognizable in a 28 U.S.C. § 2255 motion and is more properly considered under 28 U.S.C.§ 2241, a COA is not required.  See

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Gabor, 905 F.2d 76, 77 (5th Cir. 1990); see also Ojo v. INS, 106 F.3d 680, 681 (5th Cir. 1997).

The government's argument that the issue was not properly raised in the district court is frivolous. Not only did it not make that argument in the district court, the government ignored the magistrate judge's statement in her report filed May 27, 1997, that the delay-in-surrendering-for-sentence issue "mandates a response from the government."

On the merits, Hernandez has failed to show that the government's delay was "so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath of such action or inaction." Piper v. Estelle, 485 F.2d 245, 246 (5th Cir. 1973); Shields v. Beto, 370 F.2d 1003, 1006 (5th Cir. 1967). The judgment of the district court, construed as the denial of a petition under 28 U.S.C. § 2241, is

AFFIRMED.