IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60020
Summary Calendar
_____

HARRY SCHREIBER,

Petitioner-Appellant,

versus

BUREAU OF PRISONS,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:00-CV-290-BrS
--------------------
August 30, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Harry Schreiber, federal inmate #40454-004, appeals from the district court's dismissal of his 28 U.S.C. § 2241 petition for want of jurisdiction. He also seeks a temporary restraining order and/or preliminary injunction against the respondent. IT IS ORDERED that the request for injunctive relief is DENIED. From our independent review, we conclude that the district court was correct in dismissing the petition for want of jurisdiction.

"A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). "Section 2255 is the primary means of collaterally attacking a federal sentence." Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). A § 2255 motion is properly filed in the sentencing court. Kinder, 222 F.3d at 212. "A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255." Tolliver, 211 F.3d at 877-78.

The district court did not err in concluding that it lacked jurisdiction over Schreiber's sentencing claims. With one exception, Schreiber's claims concern the validity of his sentence or his convictions. See Tolliver, 211 F.3d at 877-78. The court properly dismissed these claims for want of jurisdiction. See Kinder, 222 F.3d at 212. The district court did not construe Schreiber's petition as containing a claim arising from the Bureau of Prison program that takes funds from an inmate's account in order to satisfy an order of restitution. Insofar as Schreiber's petition raised such an issue and to the extent that the claim sounds in habeas and is not inextricably intertwined with Schreiber's § 2255 claims, the district court would lack jurisdiction to consider the matter because Schreiber has not shown that he has exhausted available administrative remedies. See United States v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990).

Schreiber argues that his 28 U.S.C. § 2255 claims are properly raised in a 28 U.S.C. § 2241 petition through the savings clause of 28 U.S.C. § 2255. A 28 U.S.C. § 2241 petition cannot substitute

for a 28 U.S.C. § 2255 motion, and Schreiber carries the burden to demonstrate the inadequacy or ineffectiveness of a 28 U.S.C. § 2255 motion. Pack, 218 at 452. Schreiber asserts that a 28 U.S.C. § 2255 motion is inadequate in this case because the 28 U.S.C. § 2255 procedure cannot be used to challenge an order of restitution. Such an order does not relate to custody, and therefore, the in-custody requirement is not met. Schreiber's claims, however, are not directed solely to the order of restitution. He is attempting to challenge the length of his sentence and the validity of his convictions based on purported errors at sentencing and purported deficiencies in the indictment.

The district court did not err in dismissing Schreiber's 28 U.S.C. § 2241 petition for want of jurisdiction. See Pack, 218 F.3d at 451.

AFFIRMED.