United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10674
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT TODD WILLIS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-163-2-A
---------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Robert Todd Willis was convicted of mail fraud and aiding and abetting in violation of 18 U.S.C. §§ 2 & 1341.  He appeals the sentence imposed following the revocation of his supervised release.  Willis argues that the district court erred by sentencing him above the statutory maximum sentence for revocation.  In particular, he contends that once the district court imposed a two-year term of imprisonment, it was not authorized to impose an additional one-year term of supervised

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release because this violated 18 U.S.C. § 3583(h) (2002). The Government concedes error.

We review the alleged imposition of a sentence above the statutory maximum de novo. See United States v. Sias, 227 F.3d 244, 246 (5th Cir. 2000). The penalties imposed on revocation of supervised release relate back to the original offense. See Johnson v. United States, 529 U.S. 694, 701-02 (2000). Accordingly, the statutes in effect at the time of Willis's offense conduct, which occurred in 1995, apply. See United States v. Smith, 869 F.2d 835, 836-37 (5th Cir. 1989). Because Willis's offense was a class D felony, see 18 U.S.C. §§ 1341 & 3559(a)(4) (1995), the maximum term of imprisonment that he could receive upon revocation of supervised release was two years. See 18 U.S.C. § 3583(e)(3) (1995). In light of the district court's decision to sentence Willis to the maximum term of imprisonment, the court erred by also imposing a one-year term of supervised release. See 18 U.S.C. § 3583(h); United States v. Ferguson, 369 F.3d 847, 850-52 (2004).

In sentencing Willis, the district court clearly stated its intention to impose the maximum term of imprisonment in order to allow Willis to obtain treatment for the drug problems that led to the revocation of his supervised release. See United States v. Mills, 9 F.3d 1132, 1139 (5th Cir. 1993). Therefore, we MODIFY the district court's judgment by VACATING the one-year term of supervised release, and we AFFIRM the judgment AS MODIFIED.