United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20231
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

VANQUETTA DENISE MOORE,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-153-1
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

    Vanquetta Denise Moore appeals her sentence.  Moore entered
guilty pleas to charges of conspiracy to commit mail fraud and
social security fraud (Count One) and mail fraud and aiding and
abetting (Count Four).  The district court sentenced Moore to
concurrent terms of 12 months of imprisonment and one day and
concurrent terms of three years and five years of supervised
release.

    For the first time on appeal, Moore contends that the
imposition of a five-year term of supervised release for her mail

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fraud conviction exceeds the statutory maximum sentence. Moore asserts that this error is plain and affects her substantial rights.

We "review de novo a sentence that allegedly exceeds the statutory maximum term." United States v. Ferguson, 369 F.3d 847, 849 (5th Cir. 2004). Moore pleaded guilty to conduct that occurred from January 2000 to July 2000 when the offense of mail fraud carried a maximum statutory penalty of five years of imprisonment. See 18 U.S.C. § 1341 (2000); United States v. Smith, 869 F.2d 835, 836-37 (5th Cir. 1989) (holding that proper penalty statute is statute in effect at time offense is committed). Thus, Moore was subject to a statutory maximum term of supervised release of three years on the mail fraud conviction. See 18 U.S.C. §§ 3559(a)(4), 3583(b)(2).

The district court's oral pronouncement of a supervised release term of three years as to Moore's conspiracy conviction conflicts with the written judgment which provides that the supervised release term is five years. The oral pronouncement controls. See United States v. Bigelow, 462 F.3d 378, 381 (5th Cir. 2005).

Accordingly, we affirm Moore's conviction and affirm her sentence in part. We vacate and remand for resentencing the sentence of five years of supervised release as to Moore's conviction for mail fraud and order the correction of the clerical error in the written judgment to conform to the district

court's oral pronouncement of a three-year term supervised release as to Moore's conspiracy conviction.

CONVICTION AFFIRMED; SENTENCE AFFIRMED IN PART; VACATED AND REMANDED.