**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-11134
Summary Calendar

MICHAEL TODD JONES

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:08-CV-166

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

In 1986, Michael Todd Jones, Texas prisoner # 419729, was convicted of aggravated robbery and sentenced to 30 years of imprisonment. He filed the instant petition pursuant to 28 U.S.C. § 2254 to challenge (1) his loss of good time credits upon revocation of parole and (2) the denial of time credit (a) for completion of his G.E.D, and (b) under the Prison Management Act (PMA). The district court construed Jones's § 2254 petition as a 28 U.S.C. § 2241 petition and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied it. The district court found that the petition was procedurally barred and that, even if it was not procedurally barred, Jones could not prevail on the merits.

Jones seeks a certificate of appealability (COA) but also argues that a COA is not required for this appeal. The latter assertion is correct. The district court did not err in construing Jones's petition as a § 2241 petition, *see United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990), and Jones is not required to obtain a COA to appeal the denial of his § 2241 petition, *see Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

Jones does not contest the district court's procedural bar ruling. He has therefore abandoned the threshold issue in this appeal. *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Jones's complaint that he was not given an adequate opportunity to respond to the district court's ruling is without merit.

AFFIRMED.