# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 19, 2010

No. 09-50252
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EUGENIO HERNANDEZ VILLA, also known as Eugenio Villa, also known as Armando Aguirre Correa,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:99-CR-13-8

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eugenio Hernandez Villa, federal prisoner # 01208-180, was convicted by a jury of one count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine and one count of conspiracy to launder money. The district court sentenced Villa to concurrent sentences of life and 240 months in prison, and in addition, ordered Villa to pay a $500,000 fine for each count. Following an unsuccessful direct appeal and 28 U.S.C. § 2255 motion, Villa filed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a motion requesting the district court to set a payment schedule for his fine. Villa now challenges the district court's denial of that motion.

Villa has filed an unauthorized motion which the district court was without jurisdiction to entertain. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994); *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994); *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990). Thus, he has appealed from the denial of a meaningless, unauthorized motion. *Early*, 27 F.3d at 142. Although the district court denied the motion, it should have dismissed the motion for lack of jurisdiction. *See id.* However, we can and do affirm on that basis. *Id.*

AFFIRMED.