# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50357
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MARCUS HOWARD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:01-CR-22

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Juan Marcus Howard has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Howard has filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Howard's response. The record is not sufficiently developed to allow us to make a fair evaluation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the claim of ineffective assistance of counsel; we therefore decline to consider the claim without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014).

In his response, Howard seeks credit for the time that he was held in jail between January 23, 2014, the date the federal judge put a "hold" on him, and his sentencing on April 9, 2014. Title 18, U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." The Attorney General, through the Bureau of Prisons, makes the sentence calculation and "determines what credit, if any, will be awarded to the prisoner for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). The Attorney General's decision regarding the calculation of Howard's sentence is reviewable via a 28 U.S.C. § 2241 petition. *See United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990).

Howard also requests that his sentence be changed to 12 months and one day to make him eligible to earn good-time credits to shorten his sentence. Howard did not request the district court to increase his sentence by one day at sentencing, and he has not provided any authority for this court directing the district court to change his sentence in this way.

We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.