# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2021

Lyle W. Cayce
Clerk

No. 20-10856
Summary Calendar

FREDERICK BANKS,

*Petitioner—Appellant*,

*versus*

JODY R. UPTON; FMC CARSWELL; CENTRAL INTELLIGENCE AGENCY,

*Respondents—Appellees.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-801

Before STEWART, GRAVES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

Frederick Banks, federal prisoner # 05711-068, moves for leave to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his 28 U.S.C. § 2241 petition. The petition claimed that the respondents

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10856

violated Banks's and other petitioners' constitutional rights by denying or interfering with their right to consult with counsel at FMC Carswell in order to file "a [Coronavirus Aid, Relief, and Economic Security Act] compassionate release motion" after 500 inmates at FMC Carswell tested positive for COVID-19. The district court denied the petition for lack of jurisdiction, and, upon being subsequently alerted by a purported co-petitioner that Banks had not communicated with her about filing the § 2241 petition, the district court determined in postjudgment orders that Banks might have perpetrated a fraud on the court.

To proceed IFP, Banks must demonstrate both financial eligibility and a nonfrivolous issue for appeal. *See* Fed. R. App. P. 24(a); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). We may dismiss a frivolous appeal sua sponte. 5th Cir. R. 42.2; *see Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). Based on Banks's submissions and the record, he has not demonstrated a nonfrivolous issue for appeal with respect to the district court's determination that it lacked jurisdiction over his § 2241 petition. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007); *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990). Therefore, his IFP motion is DENIED and his appeal is DISMISSED as frivolous.