# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-50607
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Darius Letrayal King,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-183-1

————————————————————

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Darius Letrayal King was convicted by a jury of one count of aiding and abetting carjacking, in violation of 18 U.S.C. §§ 2119 & 2 (count one of 11-count superseding indictment); two counts of aiding and abetting robbery, in violation of 18 U.S.C. §§ 1951(a) & § 2 (counts three and seven, Hobbs Act robbery); three counts of brandishing a firearm in relation to those

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50607

offenses, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (counts two, four, and eight); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (count nine).  He was sentenced to a total of 427 months of imprisonment and a total of five years of supervised release.

On appeal, he argues that the evidence is insufficient to support his conviction for carjacking and both convictions for robbery.  He further argues that, because he could not have been convicted of those offenses, his convictions for brandishing a firearm predicated on those offenses must be set aside.  Additionally, he argues that the written judgment conflicts with the oral pronouncement of sentence because it included a special search condition of supervised release that he asserts was not pronounced at sentencing.

Because King preserved his challenges to the sufficiency of the evidence, we review his challenges de novo, determining whether "after viewing the evidence and all reasonable inferences in the light most favorable to the [Government], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Our review is highly deferential to the jury's verdict.  *See United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013).  The question on appeal is not whether the jury's verdict was correct but whether it was rational.  *United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th Cir. 2005).

With respect to his challenge to his carjacking conviction, King argues that the Government failed to provide sufficient evidence to prove one essential element of the offense: that he intended to cause death or serious bodily injury to the victim, Terrance West.  He also urges us to adopt a "brandishing-plus" standard, under which the Government must provide

evidence that a weapon, if brandished during a carjacking, was loaded or some other evidence showing that the defendant had a specific intent to cause death or serious bodily injury. We do not reach this argument, however, as the record reflects that the Government provided sufficient evidence from which a jury could have found that King "would have at least attempted to seriously harm or kill the driver if doing so had been necessary to complete the taking of the car." *See United States v. Frye*, 489 F.3d 201, 209 (5th Cir. 2007) (internal quotation marks and citation omitted). The jury heard testimony that King took West's keys and, after getting into the driver's seat, pointed a handgun at West, cocked the gun, and threatened to kill West as West protested King's taking of his vehicle. That evidence, together with the testimony of King's accomplice, Corey Jackson, was sufficient to permit a rational jury, drawing reasonable inferences from the evidence, to find the requisite nexus between the taking of the car and the requisite intent to cause death or serious bodily harm. *See United States v. Harris*, 420 F.3d 467, 475 (5th Cir. 2005). Based on the evidence, the jury could have reasonably inferred that King had the requisite intent to shoot or seriously harm West if West tried to stop him from completing the taking of the vehicle at the moment of the taking. *See id*. In drawing that inference, the jury was free to choose among any reasonable construction of the evidence, *see United States v. Meza*, 701 F.3d 411, 422-23 (5th Cir. 2012), and "retain[ed] the sole authority" to evaluate the credibility of West and Jackson and to weigh their testimony, *see United States v. Holmes*, 406 F.3d 337, 351 (5th Cir. 2005). The jury's verdict was rational in light of the record. *See Lopez-Urbina*, 434 F.3d at 757.

Because the evidence is sufficient to show that King committed carjacking under § 2119, and because carjacking is a crime of violence, King cannot show that his conviction for brandishing a firearm in connection with that offense should be overturned based on the argument presented. *See*

*Frye*, 489 F.3d at 209-10. Accordingly, his conviction and sentencing for carjacking and brandishing a firearm in connection with carjacking are AFFIRMED.

Next, King argues that the evidence is insufficient to prove that he aided and abetted the robberies of the 7-Eleven and Family Dollar store. He also argues that the evidence was insufficient to show that the robberies of the two local stores had the requisite effect on interstate commerce.

The Hobbs Act imposes criminal penalties on anyone who "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence . . . in furtherance of a plan or purpose to" violate this section. 18 U.S.C. § 1951(a). To satisfy the jurisdictional element of § 1951(a), the Government must show that the defendant's unlawful activity caused a "minimal effect on interstate commerce." *United States v. Robinson*, 119 F.3d 1205, 1212 (5th Cir. 1997).

King does not argue that there was insufficient evidence to show that the robberies caused a minimal effect on interstate commerce; instead, he argues that in establishing whether conduct affects commerce for purposes of the Hobbs Act, the Government must show that the conduct had a *substantial* effect on interstate commerce. As he concedes, that argument is unavailing in light of this court's precedent. *See Robinson*, 119 F.3d at 1208 (holding that the Government does not need to prove that the effect was substantial and concluding that "[i]t suffices to show a slight effect in each case, provided that the defendant's conduct is of a general type which, viewed in the aggregate, affects interstate commerce substantially"); *United States v. Ferguson*, 211 F.3d 878, 886 n.5 (5th Cir. 2000) (noting that the de minimus impact on interstate commerce can be shown by evidence that robbed stores carried items that came from out of state); *see also United States*

*v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002) (holding that one panel of this court may not overrule another absent en banc reconsideration or superseding contrary Supreme Court decision).  Further, any rational juror could have found beyond a reasonable doubt that King aided and abetted the robberies based on the evidence presented, when viewed in the light most favorable to the Government.  *See Vargas-Ocampo*, 747 F.3d at 301.

Because the evidence is sufficient to show that King took affirmative actions in furtherance of the robberies with the intent of facilitating the robberies, his robbery convictions are AFFIRMED.  Given that his sole challenge to the related firearm offenses of brandishing a firearm in relation to crimes of violence rests on his argument that there was insufficient evidence that he committed the predicate offenses, his firearm convictions likewise are AFFIRMED.

For the first time on appeal, King argues that the district court failed to properly pronounce the special, discretionary search condition of supervised release.  Because the challenged special search condition is not required by 18 U.S.C. § 3583(d), it is discretionary, and its pronouncement at sentencing was required.  *See United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc).

The inclusion of the special condition in the presentence report (PSR), which King affirmed he reviewed and which the district court adopted, was sufficient to provide King with notice such that our review is for plain error only.  *See United States v. Martinez*, 47 F.4th 364, 366-67 (5th Cir. 2022); *Diggles*, 957 F.3d at 560-62.  We addressed a similar challenge to an identical search condition in *United States v. Grogan*, 977 F.3d 348, 350-52 (5th Cir. 2020), and we conclude, consistent with the reasoning in *Grogan*, that King failed to show a clear or obvious error that affected his substantial rights, *see id*. at 353; *Puckett v. United States*, 556 U.S. 129, 135 (2009).

5

However, we have sua sponte identified an error with the sentence imposed for his conviction on count nine, possession of a firearm by a convicted felon, in violation of § 922(g)(1). Since June 25, 2022, violations of § 922(g)(1) have a statutory maximum of 15 years under § 924(a)(8). 18 U.S.C. § 924(a)(8). However, from December 21, 2018, through June 24, 2022, violations of § 922(g)(1) were penalized under § 924(a)(2) and carried a 10-year statutory maximum term of imprisonment. *See* § 924(a)(2) (2019). King committed the offense of conviction in January 2020. The PSR reflects that the maximum term of imprisonment for count nine is 10 years, and the district court noted, at the outset of the sentencing hearing, that the statutory maximum for count nine was 10 years. However, the district court went on to pronounce concurrent sentences of 175 months on counts one, three, seven and nine, notwithstanding that the maximum sentence it could impose on count nine was 120 months. The judgment also reflects a 175-month sentence for count nine.

While King's total sentence is not affected, his sentence for the § 922(g) offense exceeds the 10-year statutory maximum in effect at the time the offense was committed. *See United States v. Smith*, 869 F.2d 835, 836-37 (5th Cir. 1989). Because the imposition of a sentence exceeding the statutory maximum is an illegal sentence and constitutes plain error, *see United States v. Sias*, 227 F.3d 244, 246 (5th Cir. 2000), we VACATE King's sentence on count nine, possession of a firearm by a convicted felon, and REMAND the case for resentencing on this count within the statutory maximum sentence.

In all other respects, the judgment of the district court is AFFIRMED.