Revised September 27, 2000

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 99-31357**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**PHILLIP K. SIAS,**

**Defendant-Appellant.**

Appeal from the United States District Court
for the Western District of Louisiana

September 8, 2000

Before DUHÉ, EMILIO M. GARZA and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Phillip K. Sias seeks to vacate his sentence. Having concluded a complete review of the record and for the reasons set forth below, we find no error and, therefore, affirm.

## I. BACKGROUND

While committing the armed robbery of a United States Post Office, Sias brandished a .38 caliber revolver, threatened to kill a postal employee, and took approximately $140 in cash, several

postal money orders, and a money order imprinting device. He was arrested and indicted on one count of robbery of a postal facility in violation of 18 U.S.C. § 2114(a), and on one count of using and carrying a firearm during the commission of a violent crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Thereafter, Sias entered into a plea and cooperation agreement with the government pursuant to which he entered a guilty plea to Count II of the indictment charging him with the use and carrying of a firearm during the commission of a violent crime.[1] Sias agreed to cooperate with the government in exchange for a recommendation that he be sentenced at the lower end of any Guidelines sentencing range. The robbery count was dismissed upon Sias's entry of his guilty plea on the firearms count.

As part of his plea agreement, Sias executed an "Affidavit of Understanding of Maximum Penalty and Constitutional Rights." This agreement, as well as the underlying plea and cooperation agreement, and the district court's questioning of Sias prior to acceptance of his guilty plea, all indicated that the maximum penalty applicable under § 924(c)(1)(A)(ii) was life imprisonment. Additionally, the Presentence Report ("PSR") indicated that the base offense level specified by the applicable statute carried a

---

[1] We note that in the criminal complaint originally filed against Sias, in the plea agreement, and in the stipulated factual basis for the guilty plea, reference is made to Sias's brandishing of a firearm sufficient to make applicable the seven-year minimum mandatory sentence for brandishing a firearm during the commission of a crime of violence found in § 924(c)(1)(A)(ii).

2

sentence of seven years to life imprisonment. Sias did not object to the PSR, and at sentencing, the district court adopted the PSR as its finding of facts.

At the sentencing hearing, the government recommended a sentence at the low end of the Guidelines range, subject to any applicable mandatory minimum sentence. Sias made a statement expressing his remorse for his crime and requesting leniency from the court. The postal employee robbery victim was permitted to make a statement at the sentencing hearing, and she described the robbery, Sias's threats to her life made during the robbery, and the impact the robbery had on her life.

The district court held that U.S.S.G. § 2K2.4A applied to Sias's conviction and that section provides that the term of imprisonment applicable to his conviction is that required by the statute of conviction, that is, 18 U.S.C. § 924(c)(1)(A)(ii). Using a criminal history category of one, and the applicable Guidelines range under the statute of seven years to life imprisonment, the district court sentenced Sias to a ten-year term of imprisonment, to be followed by a five-year term of supervised release. Sias was also ordered to pay $1,348.58 in restitution and was assessed the mandatory $100 special monetary assessment. In sentencing Sias, the district court stated that it found "no reason to depart from the sentence called for by the application of the Guidelines . . . ."

Sias has now timely appealed the sentence entered by the

district court, arguing that the district court erred in interpreting 18 U.S.C. § 924(c)(1)(A)(ii) as providing for a sentence of not less than seven years and up to life imprisonment. Sias argues that any sentence in excess of seven years is not authorized by the statute.

## II.  DISCUSSION

Ordinarily, we review a district court's application of the Sentencing Guidelines de novo.  *See* **United States v. Phillips**, 210 F.3d 345, 351 (5th Cir. 2000); *see also* **United States v. Lankford**, 196 F.3d 563, 578 (5th Cir. 1999) (court of appeals reviews district court's construction of a statute de novo), *cert. denied*, 120 S. Ct. 1984 (2000).  However, since this issue was not presented to the trial court, it must be deemed waived unless the lower court's action constituted plain error.  *See* **United States v. Mann**, 161 F.3d 840, 867 n.91 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1766 (1999); *see also* Fed. R. Crim. P. 52(b) (allowing for notice of plain errors affecting substantial rights which were not presented to the trial court).  If the error complained of for the first time on appeal is plain and affected substantial rights, this Court may provide relief.  *See* **United States v. Gaudin**, 115 S. Ct. 2310, 2322 (1995) (stating that if there is a forfeited error, which is plain, and which affects substantial rights, the decision to correct that forfeited error is in the sound discretion of the

4

courts of Appeals). And under this standard, we should not exercise our discretion to correct a forfeited error unless the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotations omitted). However, because a sentence which exceeds the statutory maximum is an illegal sentence and therefore constitutes plain error, our review of the issue presented in this appeal will be de novo. *See* **Lankford**, 196 F.3d at 563.

The issue presented in this appeal, that is, whether a sentence imposed pursuant to 18 U.S.C. § 924(c) carries a maximum term of life imprisonment or whether a sentence imposed thereunder must be limited to a seven-year term of imprisonment has not yet been directly addressed by any of our prior decisions.

We begin our analysis by noting that the prior version of 18 U.S.C. § 924(c) explicitly called for defendants convicted thereunder to be sentenced to a specifically stated mandatory term of imprisonment. The version of this statute applicable to Sias's conviction was amended to provide for mandatory *minimum* sentences, thus implying that the only term of imprisonment "mandated" by § 924(c) was the minimum or the floor, not the floor and ceiling as the prior version of the statute provided. By implication, Congress left open the ceiling of sentences imposed under § 924(c).

Sias argues that § 924(c)(1)(A)(ii) provides for a sentence of seven years *in addition to* the sentence imposed for the underlying

5

crime, and since his underlying offense was dismissed, he should only have been sentenced to the seven-year term of imprisonment in §924(c)(1)(A)(ii).  He contends that only seven years is "required."  We agree with Sias to the extent that § 924(c)(1)(A)(ii) "requires" that a defendant be sentenced to seven years, but we disagree with him that the sentencing judge is not "permitted" to impose a sentence greater than seven years.  The language selected by Congress when it stated "no less than" seven years would be superfluous if Congress intended for district courts not to impose sentences greater than the mandatory minimum seven-year term.  If the language of the now-applicable version of § 924(c) had remained "shall be sentenced to a term of seven years," without the "no less than" minimum qualifier, we would be more inclined to agree with Sias that the district court was not authorized to impose a sentence greater than seven years.  But as the statute currently reads, Congress has implicitly authorized district courts to impose sentences under § 924(c)(1)(A)(ii) in excess of seven years and up to a maximum of life imprisonment.

Our conclusion today is supported by our prior holdings with respect to the identical language found in 18 U.S.C. § 924(e), which provides for the imposition of a mandatory term of imprisonment of "not less than fifteen years" if a defendant was convicted of a violation of 18 U.S.C. § 922(g) and had three prior convictions for violent felonies or serious drug offenses.  With respect to § 924(e), we have held that in the absence of a

statutory maximum penalty, the maximum penalty when a term of not less than a certain number of years is provided, means that the maximum is life imprisonment.  *See **United States v. Guerrero***, 5 F.3d 868, 873-74 & n.12 (5th Cir. 1993); ***United States v. Carpenter***, 963 F.2d 736, 742 (5th Cir. 1992); *see also **United States v. Brame***, 997 F.2d 1426, 1428 (11th Cir. 1993)(collecting cases from Second, Third, Fourth, Fifth, Seventh, and Tenth Circuits).

Sias has failed to provide us with any authority or justifications for announcing a different rule with respect to the "not less than seven years" minimum mandatory provisions of § 924(c)(1)(A)(ii) than we have previously announced with respect to the "not less than fifteen years" minimum mandatory provisions of § 924(e).  Additionally, Sias has failed to present any argument that the ten-year term of imprisonment imposed by the district court was unreasonable, and we, therefore, need not address the reasonableness of such a sentence.  *See **Yohey v. Collins***, 985 F.2d 222, 224-25 (5th Cir. 1993).  In our view, Congress specifically intended to leave open the maximum penalty to be imposed for violations of § 924(c)(1)(A)(ii), and the "no less than seven years" reference in that statute is designed to serve as the floor, not the ceiling, for sentences imposed thereunder.

**III.  CONCLUSION**

We AFFIRM the sentence of Phillip K. Sias.

**AFFIRMED.**