**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 3, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-30838
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP K. SIAS,

Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 99-CR-60034-1

Before GARWOOD, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:*

Philip K. Sias, federal prisoner # 10304-035, was convicted of using and carrying a firearm during the commission of a violent crime, in violation of 18 U.S.C. § 924, and this court affirmed his conviction and sentence. *United States v. Sias*, 227 F.3d 244 (5th Cir. Sept. 8, 2000). Sias now appeals the July 23, 2002, denial of his 18 U.S.C. § 3582(c)(2) motion filed July 16, 2002. After we

---

*Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remanded to the district court for a finding (to be returned to this court) on the timeliness of the notice of appeal from the July 23, 2002 order, Fed. R. App. P. 26 was amended to provide additional days for a notice of appeal. We need not decide whether it is "just and practicable" to apply the new rule to the instant case. *See* FED. R. APP. P., ORDER OF APRIL 29, 2002. Regardless of the timeliness of the notice of appeal, Sias's appeal is dismissed because it is frivolous. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

Sias argues that (1) his plea agreement may have been breached by the court's decision to upwardly depart in arriving at his sentence and (2) the court failed to give notice of and justification for its upward departure. These arguments are not cognizable in an 18 U.S.C. § 3582(c)(2) motion as that motion is used only to raise an issue of the retroactive application of a subsequently lowered sentencing range. *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994). Sias also argues that Amendment 598 to the Sentencing Guidelines provides for a reduction in his sentence. Amendment 598 (effective November 1, 2000) is not listed in U.S.S.G. § 1B1.10 and therefore may not be applied retroactively on Sias's motion. *See United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996).

Sias's appeal is frivolous because it lacks an arguable basis in law or fact. *See McCoy v. Court of Appeals of Wisconsin Dist.*

2

*1*, 486 U.S. 429, 439-40 & n.10 (1985).  Accordingly, the appeal is DISMISSED.  *See* 5TH CIR. R. 42.2.