United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 7, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40245
Summary Calendar
_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

DAVID GARCIA-JUAREZ

                    Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1138-ALL
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and WIENER, Circuit
Judges.

PER CURIAM:[*]

     David Garcia-Juarez appeals from his conviction of illegal
reentry following deportation.  Garcia contends, for the first
time on appeal, that his sentence violated the relevant statutory
maximum of 8 U.S.C. § 1326(a) and that the district court erred
by imposing the 16-level crime-of-violence adjustment of U.S.S.G.
§ 2L1.2(b)(1)(A)(ii) because he was not actually convicted of
assault with a deadly weapon in Minnesota in 2000.  He also
contends, for the first time on appeal, that the "felony" and

_____
     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

"aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

A sentence that exceeds the statutory maximum is illegal and constitutes plain error. *United States v. Sias*, 227 F.3d 244, 246 (5th Cir. 2000). Garcia was deported before his scheduled sentencing date in Minnesota, and he has never been sentenced on his Minnesota guilty plea. He was never formally adjudicated guilty in Minnesota. *See State v. Hoelzel*, 639 N.W.2d 605, 609 (Minn. 2002). Garcia was not convicted in Minnesota for federal immigration law purposes. *See Moosa v. INS*, 171 F.3d 994, 1001-02 (5th Cir. 1999). As the government concedes, the district court therefore erred by imposing the 16-level adjustment and by sentencing Garcia to more than two years' imprisonment. Because the district court erred by sentencing Garcia under the "aggravated felony" provision of 8 U.S.C. § 1326(b), we do not reach the issue, raised for the first time on appeal, of the constitutionality of 8 U.S.C. § 1326(b).

VACATED AND REMANDED.