United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-41496
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOE SANCHEZ, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-412-2
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Noe Sanchez, Jr. appeals the sentence imposed following his
jury conviction for conspiracy to transport aliens within the
United States and three counts of transporting aliens within the
United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii),
(v)(I), and (v)(II). Sanchez argues that his 72-month sentence
for the conspiracy offense exceeds the statutory maximum sentence
of five years in the absence of a jury finding that the offense
was committed for private financial gain. The plain language of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

8 U.S.C. § 1324(a)(1)(B)(i) provides that the penalty for conspiracy to transport aliens within the United States is ten years. The statute does not require a showing that the conspiracy offense was committed for commercial advantage or private financial gain. The statute further provides that the penalty for the offense of transporting aliens under 8 U.S.C. § 1324(a)(1)(A)(ii), (iii), and (iv), in which the offense was committed for the purpose of commercial advantage or private financial gain, is ten years. Because the portion of the statute applicable to the conspiracy offense does not require proof of commercial advantage or private financial gain, Sanchez's 72-month sentence for the conspiracy offense does not exceed the ten-year statutory maximum sentence for this offense, and Apprendi v. New Jersey, 530 U.S. 466 (2000), is inapplicable. Sanchez's sentence on count one is affirmed.

Sanchez was also convicted for aiding and abetting the transportation of illegal aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II). The statutory maximum sentence for these offenses is five years. 8 U.S.C. § 1324(a)(1)(B)(ii); see also United States v. Nolasco-Rosas, 286 F.3d 762, 767 (5th Cir. 2002). Sanchez's 72-month sentence for counts two, three, and four, for transporting aliens within the United States exceeds the five-year statutory maximum sentence for these offenses. Therefore, it is an illegal sentence, and its imposition constitutes plain error. United

States v. Sias, 227 F.3d 244, 246 (5th Cir. 2000).  Sanchez's sentence on counts two, three, and four is vacated and the case is remanded for resentencing on those counts.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.