**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10936
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD WAYNE GRIFFIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-430-ALL-M
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Harold Wayne Griffin (Griffin) pled guilty to one count of securities fraud and one count of mail fraud, in violation of 15 U.S.C. §§ 77q(a) and 77x and 18 U.S.C. § 1341. He was sentenced to two concurrent terms of 64 months of imprisonment. On appeal, he argues that his sentence is illegal as it was imposed in violation of his Sixth Amendment rights. He contends that his sentence was enhanced on factual findings made by the court in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of the rule announced in United States v. Booker, 125 S. Ct. 738 (2005).

Because Griffin raised this issue in the district court by arguing that Blakely v. Washington, 124 S. Ct. 2531 (2004) should be applied to the federal sentencing guidelines, the issue is preserved for review.  See United States v. Akpan, ___ F.3d ___, No. 03-20875, 2005 WL 852416, *11 (5th Cir. Apr. 14, 2005).  However, we need not address the issue whether Griffin's sentence was imposed in violation of his Sixth Amendment rights.

The district court sentenced Griffin to two concurrent terms of 64 months, but, as of the time of the offense, the statutory maximum sentence for each underlying offense was five years.  15 U.S.C. §§ 77q(a), 77x; 18 U.S.C. § 1341.

The presentence report (PSR) calculated the sentencing range as 51-71 months, using the aggregate statutory maximum term of 10 years and allowing for consecutive sentences.  See U.S.S.G. § 5G1.2(d).  However, the district court imposed two concurrent sentences of 64 months and thereby committed plain error in imposing an illegal sentence which exceeds the statutory maximum.  See United States v. Sias, 227 F.3d 244, 246 (5th Cir. 2000).  The matter must be remanded for resentencing.  As Griffin will be sentenced under an advisory guideline scheme as opposed to a mandatory scheme, the claim raised under Booker will be moot.  Accordingly, Griffin's sentence is VACATED, and the case is REMANDED to the district court for resentencing.