**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

**03-50602**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**MARIO RODRIGUEZ, also known as Joseph Armando Ramirez,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Western District of Texas**
**(MO-02-CR-105-ALL)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mario Rodriguez appeals his guilty-plea conviction and sentence (including an upward departure) for possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Court-appointed counsel filed a motion to withdraw, pursuant to ***Anders v. California***, 386 U.S. 738 (1967); but a member of this court found a potentially nonfrivolous appellate issue: whether Rodriguez's plea was rendered involuntary by the magistrate judge's failure to advise

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him during rearraignment, pursuant to FED. R. CRIM. P. 11(b)(1)(M), that the court could depart upward from the applicable Sentencing Guidelines range. The order denying leave to withdraw also stated that counsel "should ... include an explanation of the effects of the waiver-of-appeal provision". In response, however, counsel filed a merits brief that neither addresses the voluntariness of Rodriguez's plea in the light of Rule 11(b)(1)(M) nor mentions the waiver provision. (The order pre-dated *United States v. Booker*, 125 S. Ct. 738, (2005) (holding Sentencing Guidelines only advisory).)

As to the merits, Rodriguez has not established that his guilty plea was rendered involuntary. Because he did not object in district court during rearraignment, Rodriguez's claims are reviewed only for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). He has not shown that his substantial rights were affected by any error in the magistrate judge's explanation of the availability of appointed counsel at trial. *See United States v. Olano*, 507 U.S. 725, 731-37 (1993). In addition, the magistrate judge appropriately advised Rodriguez: about the elements of the offense to which he pleaded guilty, *see United States v. Ceballos-Torres*, 218 F.3d 409, 413 (5th Cir.), *amended on rehearing in part by*, 226 F.3d 651 (5th Cir. 2000), *and cert. denied*, 531 U.S. 1102 (2001); and that the statutory maximum sentence was life imprisonment, *see United States v. Sias*, 227 F.3d 244, 246-47 (5th

2

Cir. 2000). Rodriguez has not established a violation of the Court Interpreters Act, 28 U.S.C. § 1327(d)(1); the record reflects that he had access to an interpreter at every stage of the proceeding.

Although the parties did not address it, this court may *sua sponte* consider the waiver-of-appeal provision. *See **United States v. Martinez***, 263 F.3d 436, 438 (5th Cir. 2001); *cf. **United States v. Rhodes***, 253 F.3d 800, 804 (5th Cir. 2001)(disregarding a waiver provision if the Government *expressly* chooses not to rely upon it). Rodriguez voluntarily waived his right to appeal his conviction and sentence, other than claims of ineffective assistance of counsel or prosecutorial misconduct *of constitutional dimension not known to him at the time of his sentencing*. *See **United States v. Melancon***, 972 F.2d 566, 567-68 (5th Cir. 1992). Consequently, review of certain of Rodriguez's claims is barred: that the district court erred in adopting the presentence report, despite misstatements contained therein; that the district court wrongly departed upward, despite the Government's failure to give notice of its intent to seek an upward departure under 21 U.S.C. § 851; and that the upward departure violates the Sixth Amendment. *See **United States v. McKinney***, __ F.3d __, 2005 WL 887153, at *2-3 (5th Cir. 15 Apr. 2005) (holding that, absent a specific provision to the contrary, a valid appeal-waiver provision in a plea agreement precludes a claim of Sixth Amendment error under **Booker**).

3

Rodriguez also contends: the Government improperly filed a superseding indictment to establish greater bargaining power and breached the plea agreement by requesting an upward departure. Even if these claims allege prosecutorial misconduct of constitutional dimension, Rodriguez was aware of them by the time of sentencing. Therefore, they are barred by the waiver provision.

As discussed, counsel failed to address the issues specifically noted by this court in its order denying him leave to withdraw. Accordingly, counsel (David K. Sergi) is **ORDERED** to show cause within 30 days why he should not be sanctioned for such failure to comply with a court order.

***AFFIRMED; COUNSEL ORDERED TO SHOW CAUSE WHY SANCTIONS SHOULD NOT***

***BE IMPOSED***