United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30229
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT H. THOMAS, also known as Bob Thomas;
WILLIAM M. THORNHILL, also known as Bill Thornhill,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CR-10022-2
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert H. Thomas and William M. Thornhill were convicted of conspiracy to commit wire fraud, wire fraud, and structuring financial transactions to evade reporting requirements. Thomas was convicted of only one count of wire fraud, whereas Thornhill was convicted of two counts of wire fraud. The Guidelines sentencing range was 63-78 months. However, the district court upwardly departed from the Guidelines and imposed concurrent sentences of 60 months of imprisonment on the conspiracy count, 96 months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment of the wire fraud counts, and 96 months of imprisonment on the structuring count. On appeal, Thornhill and Thomas challenge the sufficiency of the evidence regarding their intent to defraud, the reasonableness of the 96-month sentences imposed above the guidelines range after United States v. Booker, 543 U.S. 220 (2005), and the legality of the 96-month sentences imposed in connection with the structuring convictions. Thomas also argues insufficient evidence on the structuring conviction because the Government failed to prove federal jurisdiction.

The standard for evaluating the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Intent to defraud is established if the defendant acted knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to himself. United States v. Saks, 964 F.2d 1514, 1518 (5th Cir. 1992). Proof of such intent can arise by inference from all of the facts and circumstances surrounding the transactions. United States v. Ismoila, 100 F.3d 380, 387 (5th Cir. 1996).

The evidence is sufficient to allow a jury to infer that Thomas and Thornhill intended to defraud individuals in order to obtain money as part of investment schemes. Thomas and Thornhill used a routine to recruit investors and obtain more money from

these investors. The investors were promised large returns on relatively small investments in a very short period of time. The investors were informed that the money was simply waiting in overseas accounts belonging to Thornhill and that the investments were not risky. However, the returns were never provided to the investors. The excuses as to why the money was not returned or distributed were numerous and often irrational. Rather than return the money to the individuals or discontinue the investments, Thornhill and Thomas would continue to seek and obtain more money from these individuals and even recruit new persons to invest. This routine continued for three years.

Although Thornhill and Thomas claim that they did not profit from the money given to them by investors, the record shows that Thornhill wired only less than half the money taken. Additionally, evidence was introduced showing that Thornhill and Thomas were previously involved in similar financial schemes. The routine was identical. The evidence supports a reasonable inference that they intended to defraud persons out of money. See Saks, 964 F.2d at 1518; Ismoila, 100 F.3d at 387.

Thornhill and Thomas next argue that the 96-month sentences imposed above the recommended guidelines range of 63-78 months are unreasonable. After Booker, appellate courts ordinarily will review sentences for reasonableness. Booker, 543 U.S. at 261; United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Under the discretionary sentencing system

established by Booker, district courts retain the duty to consider the Guidelines, along with the sentencing factors set forth in 18 U.S.C. § 3553(a). Mares, 402 F.3d at 518-19. If the sentencing judge imposes a non-guidelines sentence, the judge must articulate fact specific reasons consistent with the sentencing factors of 18 U.S.C. § 3553(a), to support his conclusion that the sentence is appropriate for that defendant. Id. at 519; United States v. Smith ___ F.3d ___, 05-30313, 2006 WL 367011 at *2 (5th Cir. Feb. 17, 2006).

This court determines whether the sentencing factors in § 3553(a) support the sentence imposed. Smith, 2006 WL 367011 at *3. A non-guideline sentence will not be supported by the sentencing factors if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." Id.

The district court evaluated the guideline range for Thomas and Thornhill and articulated fact-specific reasons for deviating from the range. The court engaged in a lengthy discussion of the sentencing factors and ultimately concluded that the seriousness of the offense and the defendants' roles in the offense warranted a deviation from the Guidelines. "Permissible reasons" were provided for the district court's variance from the guidelines range. Id. at *5. Therefore, the sentences are not unreasonable.

Thornhill and Thomas contend that the 96-month sentences imposed in connection with their structuring convictions are in excess of the statutory maximum and are therefore illegal. The Government concedes that the sentences are illegal. A sentence which exceeds the statutory maximum is an illegal sentence constituting plain error and requiring remand. United States v. Sias, 227 F.3d 244, 246 (5th Cir. 2000). Accordingly, the sentences of Thomas and Thornhill on the structuring convictions are vacated. The matter is remanded to the district court in order to resentence Thornhill and Thomas on the structuring convictions.

Finally, Thomas challenges the sufficiency of the evidence on the structuring conviction regarding the definition of a financial institution. Thomas asserts that the Government failed to prove federal jurisdiction because it did not show that Hibernia and Hancock Banks were insured by the FDIC and therefore did not show that they are domestic financial institutions.

The definition of a financial institution is found in 31 U.S.C. § 5312, which provides 26 different definitions, including a FDIC insured bank. § 5312(a)(2)(A). Financial institutions also are commercial banks, credit unions, insurance companies, travel agencies, and other institutions not required to be insured by the FDIC. The Government was not required to proved that Hibernia and Hancock Banks are insured by the FDIC.

The Government presented evidence that a bank qualifies as a financial institution. The testimony of Agent Adams explained that

banks are included within the definition of financial institutions and are subject to the reporting requirements of 31 U.S.C. § 5313(a). His testimony provides sufficient evidence for a rational trier of fact to conclude that Hibernia and Hancock Banks are financial institutions within the meaning of 31 U.S.C. § 5324.

Accordingly, Thornhill's and Thomas's convictions are AFFIRMED. The sentences on the conspiracy convictions and the wire fraud convictions are AFFIRMED. The sentences on the structuring convictions are VACATED, and the case is REMANDED for RESENTENCING.