IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2007

Charles R. Fulbruge III
Clerk

No. 06-41732
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE ADRIAN MORALES-MARTINEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-40-1

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Adrian Morales-Martinez appeals his conviction following a jury trial of attempted illegal reentry into the United States after deportation, having previously been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b), and making a false claim of United States citizenship, in violation of 18 U.S.C. § 911. He argues that he was deprived of a fair trial when the district court limited admissibility of an exhibit for impeachment purposes only and the Government referred to the exhibit in its closing argument, that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felony and aggravated felony provisions of § 1326(b) are unconstitutional, and the district court committed plain error by imposing on count two a sentence that exceeded the statutory maximum sentence under § 911.

Morales concedes that plain error review governs his claim that he was deprived of a fair trial due to the Government's improper use of impeachment evidence in the Government's closing argument. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). When viewed in the context of the Government's entire closing argument, it is not clear that the Government improperly used the exhibit as substantive evidence. Moreover, even if the prosecutor's reference to the exhibit was improper, the complained of reference to the exhibit was an isolated comment and cautionary instructions by the judge adequately informed the jury of the proper use of the exhibit. See United States v. Hitt, 473 F.3d 146, 161-62 (5th Cir. 2006), cert. denied, 127 S. Ct. 2893 (2007). Finally, Morales' argument overlooks the strength of the evidence supporting the conviction. Thus, the questioned remark by the prosecutor does not cast serious doubt on the correctness of the jury's verdict and therefore does not amount to plain error. See United States v. Thompson, 482 F.3d 781, 785 (5th Cir. 2007).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Morales challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

Morales is correct that the district court plainly erred by imposing a 54-month term of imprisonment in connection with indictment count two, because § 911 provides for a maximum term of imprisonment of three years. See § 911; United States v. Sias, 227 F.3d 244, 246 (5th Cir. 2000).

For the foregoing reasons, Morales' conviction is affirmed. The sentence imposed on indictment count one is also affirmed. The sentence imposed on

indictment count two is vacated.  The case is remanded.  The district court is instructed to resentence Morales on count two within the statutory maximum.

AFFIRMED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS.