IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2007

Charles R. Fulbruge III
Clerk

No. 07-30183
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JESS WILLARD MORELAND, JR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:02-CR-60047-1

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges:

PER CURIAM:[*]

Jess Willard Moreland, Jr., challenges the sentence imposed following the third revocation of his supervised release from his 1998 guilty plea conviction for making a false statement on a loan application to the Farmers Home Administration (FmHA) in violation of 18 U.S.C. § 1014 (counts 1-3); theft of government money in violation of 18 U.S.C. § 641 (counts 4-9); money laundering in violation of 18 U.S.C. § 1957 (counts 15-19); and one count of paying a gratuity to a government employee in violation of 18 U.S.C. § 201(c)(1)(A) (count 20).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Upon revoking Moreland's supervised release, the district court sentenced Moreland to a total term of 36 months of imprisonment: 24 months as to count 1, 6 months to count 2, and 6 months to count 3, all to be served consecutively. For the first time on appeal, Moreland contends that the 36-month sentence imposed by the district court exceeded the statutory maximum sentence.

Generally when an issue is not raised below, we review only for plain error. United States v. Sias, 227 F.3d 244, 246 (5th Cir. 2000). "However, because a sentence which exceeds the statutory maximum is an illegal sentence and therefore constitutes plain error, our review of the issue presented in this appeal will be de novo." Id.

Moreland's conviction for making false statements on his loan application to the FmHA carried with it the most severe penalty, up to 30 years of imprisonment. See 18 U.S.C. § 1014. Thus, Moreland's conviction on these counts was for a Class B felony. 18 U.S.C. § 3559(a). Under the version of 18 U.S.C. § 3583(e)(3) applicable to Moreland's 1998 convictions, the maximum cumulative term of imprisonment upon revocation to which Moreland was subject was 36 months. However, Moreland had previously been sentenced to a total of ten months of imprisonment as a result of his two prior revocations in 2002 and 2006, and as a result of these two prior revocations, Moreland was serving only a single term of supervised release. Consequently, the maximum term of imprisonment to which Moreland could be sentenced following the third revocation was 26 months. Accordingly, as the Government concedes, the total sentence of 36 months imposed by the district court exceeded the statutory maximum and is illegal. Moreland's sentence is VACATED and the case is REMANDED for resentencing.