# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-20560
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRUCE D ZACCARIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-443-22

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bruce D. Zaccaria was indicted for one count of conspiracy to distribute anabolic steroids unlawfully. At a detention hearing, a magistrate judge found that Zaccaria was not a flight risk. However, based on a finding that Zaccaria was a danger to the community, the magistrate judge ordered that he be detained. Zaccaria moved to revoke the order in the district court pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

18 U.S.C. § 3145(b), but the district court denied the motion. This appeal follows.

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., pretrial detention "can be ordered only 'in a case that involves'" one of the circumstances listed in § 3142(f) and "in which the judicial officer finds, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community." *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992); *see also* § 3142(e)(1).

Zaccaria's detention was apparently predicated on the belief that his case involved an offense punishable under the Controlled Substances Act (CSA), 21 U.S.C. § 801 et seq., by at least 10 years of imprisonment. *See* § 3142(f)(1)(C). Under current law, Zaccaria's conspiring to distribute anabolic steroids would qualify as such an offense because it would be punishable under § 841(b)(1)(E)(i), which provides a 10-year maximum term of imprisonment. *See* 21 U.S.C. §§ 812(c), 841(b)(1)(D)-(E)(i), 846.

However, "the proper penalty statute is the one in effect when the offense is committed." *United States v. Smith*, 869 F.2d 835, 836-37 (5th Cir. 1989). The superseding indictment alleged that the conspiracy to distribute anabolic steroids existed from 2001 through at least 2007, and the Government's witness testified that Zaccaria participated in the conspiracy from 2005 to 2007. If Zaccaria committed the offense, he did so before the enactment of the Ryan Haight Online Pharmacy Consumer Protection Act of 2008, Pub. L. 110-425, § 3(e)(1)(A)-(B), 122 Stat. 4820, 4828 (effective Apr. 15, 2009) (codified in relevant part at § 841(b)(1)(D)-(E)). The version of the CSA in effect when Zaccaria's charged offense was allegedly committed would punish Zaccaria under former § 841(b)(1)(D) with "a term of imprisonment for not more than 5 years." Accordingly, Zaccaria's charged offense falls outside the scope of § 3142(f)(1)(C).

This court has held that the Government need not show that the "charged offense" itself presents one of the circumstances in § 3142(f) so long as the defendant's case involved any offense or other § 3142(f) factor that could serve

as the statutory basis for detention. *Byrd*, 969 F.2d at 110. The Government's witness testified that Zaccaria not only participated in the drug conspiracy but also personally distributed some of the anabolic steroids, but other possible offenses he may have committed under the CSA involving anabolic steroids, such as distribution or possession with intent to distribute, would also be punishable by only a five-year maximum term of imprisonment under former § 841(b)(1)(D). Likewise, the record does not suggest that Zaccaria's case involved an offense punishable under 21 U.S.C. §§ 859, 860 or 861.

In addition, while the superseding indictment charging Zaccaria included a total of 46 counts against 22 individuals, including allegations of smuggling human growth hormone into the United States, money laundering, and the unlawful distribution of ecstasy and hydrocodone, the Government did not present any evidence suggesting that Zaccaria was even aware of the other criminal activities alleged in the indictment. This court has held that "the proof of a nexus" between the charged offense "and one or more of the . . . § 3142(f) factors is crucial." *Byrd*, 969 F.2d at 110. Because the Government did not show any nexus between Zaccaria's charged offense involving anabolic steroids and any other offense in the superseding indictment apart from the coinciding role of a single co-conspirator, his pretrial detention cannot be predicated on those other offenses.

Because Zaccaria's case does not involve one of the seven circumstances listed in § 3142(f), we reverse the district court's decision to deny Zaccaria's motion for revocation of the detention order. On remand, the district court should promptly enter an appropriate order of release under § 3142(b) or(c). *See* § 3142(a)(1)-(2), (b), and (h). However, we note that "the provisions of 18 U.S.C. § 3142 do not contemplate finality or *res judicata* on the issue of pre-trial detention." *Byrd*, 969 F.2d at 110.

REVERSED and REMANDED for further proceedings.