# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 15, 2020

Lyle W. Cayce
Clerk

No. 20-10387
Summary Calendar

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

ALEOGHENA OKHUMALE,

      Defendant – Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-122-4

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

      Aleoghena Okhumale brings this interlocutory appeal arguing that his pre-trial detention is unlawful. We vacate the district court's denial of Okhumale's motion to revoke the detention order and remand for further proceedings.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-10387

I.

In March of this year, Okhumale was indicted on one count of conspiracy to launder monetary instruments and one count of unlicensed money transmitting. *See* 18 U.S.C. §§ 1956 & 1960. The government moved that Okhumale should be detained awaiting trial and an order of temporary commitment was entered until a detention hearing could be held.

A detention hearing was held before a magistrate judge. At the hearing, the Government argued that Okhumale should be detained based on a risk that he would flee because he had minimal ties to the area and significant ties outside of the United States, had previously attempt to evade law enforcement, and had recently transferred a large amount of money to bank accounts in his name in Nigeria. The Government also argued that Okhumale's criminal history, including both a DWI conviction and recent arrest for a DWI, warranted pre-trial detention as well. Okhumale's counsel acknowledged that Okhumale had a "drinking problem" and "needs to quit drinking," but argued that this had never impacted Okhumale's ability to appear in court.

The magistrate judge ordered Okhumale detained pending trial, concluding that Okhumale presented a risk that he would flee and there was "no condition or combination of conditions" that would "reasonably assure the defendant's appearance in court" and "no condition or combination of conditions" that would "reasonably assure the safety of any other persons and the community."

Okhumale then filed a motion in the district court to revoke the magistrate judge's detention order. After a *de novo* review, the district court concluded that the Government "did not prove by preponderance of the evidence that [Okhumale] would be a flight risk." However, it concluded that Okhumale "poses a risk to his safety and that of others, which warrants his detention." Specifically, it relied on Okhumale's previous DWI conviction,

No. 20-10387

recent DWI arrest, and the fact that he was on bond for those offenses at the time he was indicted for the federal charges. The district court explained that "[h]is continued use of alcohol alone creates a risk to him and the community (the public at large) if he operates a motor vehicle." Because it determined that there were no conditions that would reasonably assure Okhumale's safety and the safety of the public, the district court determined detention was warranted. Okhumale brings this interlocutory appeal.

II.

The district court's order denying revocation of the detention order is appealable to this court. *See* 18 U.S.C. § 3145(c). "Absent an error of law," this court will uphold a district court's pretrial detention order "if it is supported by the proceedings below, a deferential standard of review that [this court] equate[s] to the abuse-of-discretion standard." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) (internal quotation marks and citation omitted).

III.

Okhumale argues that his pre-trial detention is unlawful because the district court did not find a serious risk that Okhumale would flee before trial. The Government argues that such a finding is not necessary to justify pre-trial detention. It claims that the district court's conclusion that Okhumale posed a risk both to his own health and safety and to the public's health and safety is enough to justify pre-trial detention.

In *United States v. Byrd*, 969 F.2d 106, 108–09 (5th Cir. 1992), we explained that judicial officers shall order pre-trial release "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *Id.* at 109 (quoting 18 U.S.C. § 3142(b)). Detention may be ordered only "if, after a hearing pursuant to § 3142(f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance

of the person as required and the safety of any other person and the community." *Id.* (internal alterations omitted) (quoting § 3142(e)).

Section 3142(f) specifies the circumstances under which a detention hearing must be held, including: a case involving a crime of violence; an offense with a maximum sentence of life imprisonment or death; certain drug offenses with a maximum term of imprisonment for ten years or more; a felony offense if the defendant has two or more previous conviction that would quality under the preceding subsections; a "serious risk that the person will flea;" or a "serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure or intimidate, a prospective witness or juror." *Byrd*, 969 F.2d at 109 (quoting 18 U.S.C. § 3142(f)(1)-(2)).

In *Byrd*, we explained that "detention can be ordered . . . only 'in a case that involves' one of the six circumstances listed in (f)," and when "the judicial officer finds, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* Based on our holding in *Byrd*, Okhumale contends that the district court "simply cannot legally do what it has done; that is detain [Okhumale] ([who is charged with a] non-violent offense) solely because he allegedly poses a risk to his safety and safety of others."

The Government disagrees, arguing that Okhumale overreads *Byrd*. The Government views the circumstances outlined in § 3142(f) to be only a "threshold matter," or "gateway." In other words, the Government argues that once it alleged that Okhumale should be detained for a reason listed in § 3142(f)—in this case the risk that Okhumale would flee—it properly triggered a detention hearing where another set of requirements then took over—those of § 3142(e). And, § 3142(e) allows for pre-trial detention if "no

condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Thus, pursuant to § 3142(e), the Government contends pre-trial detention was proper because Okhumale was a danger to others and himself, even if he was not a flight risk

We disagree with the Government's interpretation of *Byrd* and the relevant statutory scheme. This court's holding in *Byrd* requires both the presence of one of the circumstances outlined in § 3142(f) *and* a determination under § 3142(e) that the no conditions imposed could either assure the appearance of the defendant or the safety of the defendant and community. *Byrd*, 969 F.2d at 109–10; *see also United States v. Zaccaria*, 347 F. App'x 984, 986 (5th Cir. 2009) (reversing a district court order denying a motion for revocation of a detention order because the case did not involve any of the circumstances listed in § 3142(f)). In *Byrd* we expressly adopted the approaches of the First and Third Circuits, which we described as holding "that a person's threat to the safety of any other person or the community, in the absence of one of the six specified circumstances, could not justify detention under the Act." *Byrd*, 969 F.2d at 109.

Here, the magistrate judge's order was based in part on the risk of flight, which is a circumstance listed in § 3142(f)(2)(A), thus satisfying *Byrd*. However, the district court disagreed with the magistrate judge and determined that the Government had failed to prove that Okhumale was a flight risk. Therefore, the district court's denial of the motion to revoke the detention order was based solely on its determination that Okhumale "poses a risk to his safety and that of others." Because that risk alone, without one of the circumstances outlined in § 3142(f), cannot justify pre-trial detention, we VACATE the district court's order denying Okhumale's motion for revocation

of the detention order. We REMAND to the district court for proceedings consistent with this order.

We note that the district court discussed some factors in its analysis of Okhumale's risk to the community that might have been relevant to the analysis of whether he was a flight risk, such as the relative ease of removing an ankle monitor. Perhaps the district court did not see the need for a more robust flight-risk analysis if danger to the community was an independently sufficient reason to detain Okhumale. Or perhaps the district court simply did not think those other factors tipped the scales. In any event, because we vacated the district court's order, the court is free on remand to reconsider its flight-risk ruling if it so chooses.